IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GARDNER,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6722 |
| | : | |
| **KAPPA ALPHA PSI FRATERNITY,** | : | |
| **INC.** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**SCOTT, J.**                                                                                                       **MARCH 28, 2025**

Michael Gardner filed a *pro se* "Petition for Writs of Quo Warranto & Writ of Mandamus with Writ of Injunction," against various defendants associated with the Kappa Alpha Psi Fraternity.[1] (ECF No. 1.) Gardner also seeks leave to proceed *in forma pauperis*. For the reasons that follow, the Court will grant Gardner leave to proceed *in forma pauperis* and dismiss his Petition pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      FACTUAL ALLEGATIONS**[2]

Gardner names nine Defendants in the Petition: (1) the Kappa Alpha Psi Fraternity, Inc., Grand Chapter; (2) Jimmy McMikle, Grand Polemarch (President); (3) John Burrell (COO);

---

[1] When Gardner initiated this action, he filed the Petition on behalf of himself and on behalf of the Harvey-Markham Alumni Chapter of the Kappa Alpha Psi Fraternity. (ECF No. 1.) In a January 8, 2025 Order, the Court advised Gardner that for the entity to proceed with this case, it would need legal counsel to enter an appearance on its behalf. (*See* ECF No. 5); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993). As counsel has not entered an appearance, HMAC will be dismissed as a plaintiff in this action without prejudice. The Memorandum addresses the claims of Gardner only.

[2] The allegations set forth in this Memorandum are taken from Gardner's Petition (ECF No. 1) and Exhibits (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Gardner's submissions are cleaned up where necessary.

(4) "North Central Province of Kappa Alpha Psi Fraternity, Inc. Board Members/Investigative Committee"; (5) Darren Adams; (6) Larry Spicer; (7) Arthur Grice; and (8) A.C. Kinard.  (Pet. at 1, 3-4.)  As best as the Court can discern from the allegations, Gardner asserts claims against the Kappa Alpha Psi Fraternity, the North Central Province,[3] and individuals associated with both, after the Harvey-Markham Alumni Chapter—the chapter to which Gardner belonged—was suspended after an investigation.  (Pet. at 2-3, 5.)

Gardner alleges that he has "life membership" to the Kappa Alpha Psi Fraternity.  (*Id*. at 2-3; ECF No. 2 at 32.)  In February of 2024, based on a "false report" that was allegedly transmitted to Defendants by an unknown source, members of the Harvey-Markham Alumni Chapter received a communication that the Chapter was on a "cease and desist."  (Pet. at 4.)  An investigation allegedly took place but the subject of the "false report" and the investigation that followed are not disclosed in the Petition.  (*Id*. at 2-5.)  As part of the investigation, the Investigative Committee of the North Central Province conducted interviews of the "falsely accused individuals" and scheduled hearings in April and May of 2024.  (*Id*. at 5.)  Ultimately, in June of 2024, the Harvey-Markham Alumni Chapter received a five-year suspension, which was affirmed a month later.  (*Id*. at 4-5.)  Gardner alleges that the decision to suspend the Harvey-Markham Alumni Chapter was "unlawful" because it was made without due process and without following the Kappa Alpha Psi bylaws and code of conduct.  (*Id*.)  Gardner also states that there is no evidence against him or his Chapter to justify the suspension, and that despite his requests, Defendants refuse to provide him with the original complaint or with the evidence they gathered during the investigation.  (*Id*. at 7.)  Gardner states that members of the North Central Province Investigative Committee were negligent and colluded with each other in depriving him his due

---

[3] The North Central Province is alleged to be "a loose association of the grand charter" of the Kappa Alpha Psi Fraternity, and includes over fifty chapters of the Fraternity.  (Pet. at 3.)

2

process rights. (*Id*. at 3-4.)

Based on these allegations, Gardner petitions for a writ of quo warranto, a writ of mandamus, and an injunction requesting that Court reinstate the Harvey-Markham Alumni Chapter, remove the Defendants from their respective positions in the fraternity, and place Gardner and other members of the Harvey-Markham Alumni Chapter into leadership roles within the Fraternity. (*Id*. at 9.) Gardner also asks the Court to order that the North Central Province provide Gardner with the "original evidence and/or report" and all other evidence that led to the investigation and suspension of the Harvey-Markham Alumni Chapter. (*Id*.)

## II.     STANDARD OF REVIEW

The Court will grant Gardner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Petition if it fails to state a claim. Whether a petition fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the petition contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

At the screening stage, the Court will accept the facts alleged in the *pro se* petition as true, draw all reasonable inferences in Gardner's favor, and ask only whether the petition, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A plaintiff

commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Gardner is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Writ of Quo Warranto and Writ of Mandamus

Gardner styles this civil action as a "Petition for Writ of Quo Warranto and Writ of Mandamus with Writ of Injunction." Gardner essentially asks the Court to (1) remove the individual Defendants from their positions within Kappa Alpha Psi; (2) appoint Gardner as a member of an interim board; and (3) reinstate Harvey-Markham Alumni Chapter's charter. (Pet. at 8.) However, neither a writ for quo warranto nor a writ of mandamus is a remedy available to Gardner.

"The quo warranto writ is available only in connection with proceedings over an individual's right to hold an office or position." *Woltz v. Good*, No. 24-6296, 2024 WL 5130836, at *2 (E.D. Pa. Dec. 13, 2024) (citing cases); *Banks v. President United States*, 858 F. App'x 490, 491 n.1 (3d Cir. 2021) (*per curiam*) ("Quo warranto is a common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." (cleaned up)). When sought in federal courts, writs of quo warrant may only be brought by the United States and not by private individuals. *See id.*; *see also Cizek v. Davis*, No. 10-0185, 2010 WL 5437286, at *3 (M.D. Pa. Nov. 29, 2010) (stating that "because the plaintiff is a private individual, he has no standing to bring a federal quo warranto action"), *report and recommendation adopted*, No. 10-0185, 2010 WL 5441969 (M.D. Pa. Dec. 28, 2010); *Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *2 (3d Cir. Nov. 4, 2022) ("But federal courts have no general quo warranto jurisdiction")). Gardner is a private individual seeking to

vindicate private rights against members of the Kappa Alpha Psi Fraternity leadership. The Court lacks jurisdiction to enter the writ quo warranto requested by Gardner.

Gardner also cannot receive mandamus relief. There are two sources of jurisdiction for a federal district court to grant relief in the nature of mandamus. Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Also, under 28 U.S.C. § 1651, a federal district court has jurisdiction to issue a writ of mandamus "in aid of" of its jurisdiction.

Section 1361 is not applicable since Gardner does not seek to "compel an officer or employee of the United States" to perform a duty owed to him. *Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014). Moreover, Section 1651 is not applicable as issuance of a writ "must aid the court in the exercise of its jurisdiction." *Jones v. Lilly*, 37 F.3d 964, 967-68 (3d Cir. 1994). As set forth in this Memorandum, *see* infra § III.B, Gardner presents no plausible federal claims and, accordingly, there is no need to issue a writ in aid of the Court's jurisdiction. Moreover, there are other means by which Gardner can obtain relief on his claims in state court. *See In re Abbott Lab'ys*, 96 F.4th 371, 385 (3d Cir. 2024) ("To prevail on the merits of a mandamus petition, Petitioners must show that no other adequate alternative remedy exists." (cleaned up)); *see also Weldon v. U.S. Att'y for Middle Dist.*, 294 F. App'x 697, 698 (3d Cir. 2008) (*per curiam*) (affirming denial of mandamus relief where an alternative avenue for relief was available to the petitioner).

**B.     Section 1983**

Gardner also seeks injunctive relief to reverse the suspension of the Harvey-Markham Alumni Chapter and for Defendants to provide the original report and any evidence collected during the investigation that led to the suspension of the Chapter. (Pet. at 5, 7.) Gardner

contends that Defendants did not provide him due process in the investigation and ultimate suspension. As best as the Court can tell from his allegations, Gardner appears to assert Fourteenth Amendment due process claims. (*See* Compl. at 3-4 (asserting *inter alia* that the Defendants violated Gardner's "due process of Federal/State law").) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred," such as the constitutional claims asserted by Gardner. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability for constitutional violations under § 1983 is limited to individuals acting under color of state law. *See id.*; *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint

participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Kappa Alpha Psi Fraternity and the North Central Province are private social clubs and not state actors subject to liability under § 1983. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972); *Gardner v. Kappa Alpha Psi Fraternity*, No. 13-2865, 2013 WL 3724865, at *2 (N.D. Ill. July 12, 2013) (concluding that Alpha Kappa Psi Fraternity is not a state actor). The individually named Defendants, all of whom are alleged to either be associated with the fraternity's Grand Chapter or the North Central Province, are also private individuals and not state actors. *See Zito v. Deutscher Quartet Club*, No. 20-2263, 2020 WL 13738798, at *4 (M.D. Pa. Dec. 8, 2020) (dismissing Fourteenth Amendment claim against private social club and its officers as defendants did not act under color of state law), *report and recommendation adopted*, No. 20-02263, 2021 WL 11132812 (M.D. Pa. Feb. 3, 2021); *see also Gardner*, 2013 WL 3724865, at *2 ("Kappa, a private incorporated fraternity, is not a government entity and Owens, an employee of Kappa, is not a state official."). Gardner has alleged no facts to support a plausible inference that any of the named Defendants acted under color of state law. Accordingly, the constitutional claims that Gardner asserts under § 1983 must be dismissed as the missing "state actor" requirement makes them implausible. In addition, the Court can discern no other plausible federal claim from the facts alleged.

      **C.**    **State Law Claims**

It is possible that Gardner may have intended to assert state law claims in connection with the investigation and ultimate suspension of the Harvey-Markham Alumni Chapter. However, there is no independent basis for the Court's jurisdiction over any such claims. In the absence of any federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens

of different states where the amount in controversy exceeds $75,000.[4]  Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (explaining that for complete diversity, "no plaintiff [may] be a citizen of the same state as any defendant" (citations omitted)).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011).

Gardner alleges that he is a resident of the state of Illinois.  (Pet. at 2.)  He further states that the Grand Chapter of Kappa Alpha Psi is registered in Indiana but has a headquarters in Pennsylvania.  (*Id*. at 3.)  Gardner does not allege the citizenship of any of the other Defendants.  However, he states that the North Central Province "does business" in Illinois and that many of the individual Defendants are "administrators" of the North Central Province.  (*Id*.)  Elsewhere Gardner appears to concede that at least some of Defendants are from Illinois.  (*See id*. at 1 ("And for the Illinois Defendants . . . ."); *id*. at 3 (stating that Defendant McMikle acted "in collusion with the other Defendants from Illinois").)  Thus, it appears that diversity jurisdiction is also lacking over this action.  Accordingly, to the extent Gardner intended to assert state law claims, the claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the above reasons, the Court will grant Gardner leave to proceed *in forma pauperis* and dismiss his Petition for lack of subject matter jurisdiction.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

---

[4] Having dismissed Gardner's federal claims, the Court will not exercise supplemental jurisdiction over his state claims.

An appropriate order will be docketed separately.

                                                **BY THE COURT:**

                                        */S/Kai N. Scott*
                                        **KAI N. SCOTT, J.**